# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS VALENCIA HERNANDEZ, | 1:08-cv-00440 OWW DLB HC |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on March 12, 2008. Petitioner indicates that he was convicted of conspiracy to distribute and possess heroin in the U.S. District Court for the Eastern District of California, Fresno Division case number 04-CR-5097 AWI. A review of the Petition reveals that Petitioner's claims are not cognizable in a petition filed pursuant to § 2241.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

1  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
2  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).
3    In contrast, a federal prisoner challenging the manner, location, or conditions of that
4  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
5  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
6  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
7  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79
8  (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
9  United States, 610 F.2d 672, 677 (9th Cir. 1990).
10   In this case, Petitioner contends that he was sentenced in violation of the Sixth
11 Amendment because certain facts where not considered by the jury.  Petitioner's claims are
12 improperly raised in a petition under § 2241 and must be presented to the sentencing court in a
13 petition filed pursuant to § 2255.
14   A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*
15 he can show that the remedy available under § 2255 is "inadequate or ineffective to test the
16 validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United
17 States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little
18 guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth
19 Circuit has recognized that it is a very narrow exception. Id; Holland v. Pontesso, 2000 WL
20 1170161 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because Petitioner misses
21 statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255
22 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th
23 Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal
24 treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th
25 Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-
26 Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be
27 circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner
28 to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83

(9th Cir. 1963).

Here, Petitioner does not allege that § 2255 is inadequate or ineffective to protect her rights. Accordingly, Petitioner fails to fall within an exception to this rule which would allow him to raise such a claim in a petition filed pursuant to § 2241.

Based on the foregoing, the Court cannot proceed with the instant petition under § 2241; however, Petitioner may re-file a petition pursuant to § 2255, if he desires to do. Accordingly, it is HEREBY ORDERED that:

1. The Clerk of Court is directed the send Petitioner a form petition pursuant to § 2255;
2. Within thirty (30) days from the date of service of this order, Petitioner may submit the completed § 2255 form petition; and
3. If Petitioner does not wish to submit a § 2255 form petition, the Court will proceed with a recommendation that the instant § 2241 petition be dismissed as it is not cognizable.

IT IS SO ORDERED.

Dated: **April 14, 2008**         **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE

3

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis,* in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is
**Clerk, U.S. District Court
2500 Tulare Street, Room 1501
Fresno, California 93721**

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |  |
|---|---|---|
| Name of Movant | Prisoner No. | Case No. |
| Place of Confinement | | |

| UNITED STATES OF AMERICA | V. | |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

2. Date of judgment of conviction _____

3. Length of sentence _____

4. Nature of offense involved (all counts) _____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

(2)

9. If you did appeal, answer the following:

    (a) Name of court _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐  No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    _____

    (3) Grounds raised _____

    _____

    _____

    _____

    _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐  No ☐

    (5) Result _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Name of proceeding _____

    _____

    (3) Grounds raised _____

    _____

    _____

    _____

    _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐    No ☐
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____
_____
_____
_____
_____
_____
_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243    (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

B. Ground two: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

(5)

AO 243    (Rev. 2/95)

    D.  Ground four: _____

_____

        Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
      Yes  ☐      No  ☐

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing _____

_____

    (b)  At arraignment and plea _____

_____

    (c)  At trial _____

_____

    (d)  At sentencing _____

_____

AO 243    (Rev. 2/95)

    (e)  On appeal _____

_____

    (f)  In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
Date

_____
Signature of Movant

(7)