**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIAS VALENCIA-HERNANDEZ,  )<br>          )<br>          Petitioner,  )<br>          )<br>     v.   )<br>          )<br>UNITED STATES OF AMERICA,  )<br>          )<br>          Respondent.  )<br>_____) | 1:08-CV-440 -AWI<br>1:04-CR-5097-AWI)<br><br>ORDER DENYING<br>PETITIONER'S MOTION TO<br>MODIFY, VACATE OR SET<br>ASIDE THE JUDGMENT<br><br>(28 U.S.C. § 2255) |

In this case, petitioner Elias Valencia-Hernandez ("Petitioner") seeks relief under 28 U.S.C. Section[1] 2255 from the sentence of 120 months imposed on him by this court on February 6, 2006, following his conviction by plea agreement to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). For the reasons that follow, the court will deny Petitioner's Section 2255 motion as untimely.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner was convicted by plea of guilty on September 2, 2005. Petitioner was sentenced to a term of imprisonment of 120 months on February 6, 2006. Judgment was entered on February 9, 2006. The court's docket report indicates no appeal was taken following Petitioner's conviction. The instant Section 2255 motion was filed on March 12, 2008. On April

---

[1] All references to section numbers hereinafter are to sections of Title 28 of the United States Code unless otherwise specified.

14, 2008, this court issued an order advising Petitioner that his claims were not cognizable via Section 2241 and was given an opportunity to file a Section 2255 petition. See Document No. 180. On May 1, 2008, this court issued an order re-designated Petitioner's Section 2241 petition as a Section 2255 petition. See Doc. No. 183.

## LEGAL STANDARD

Section 2255 provides, in relevant part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United State s v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against he record, fail to state a claim for relief or "are so palpably incredibly or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

## DISCUSSION

Section 2255 provides that the one-year statute of limitations begins to run at the latest of: (1) the date of the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a Section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on

1  which the facts supporting a claim could have been discovered through the exercise of due
2  diligence.  28 U.S.C. § 2255 (1)-(4).
3         In order to determine if the petition is timely, the court must first determine which of the
4  possible starting times for the running of the statute of limitations applies.  In this case, Petitioner
5  alleges no government-created impediment to bringing a Section 2255, therefore no discussion is
6  necessary as to the second of the possible starting points.  The third starting point specified by
7  Section 2255 is not applicable because Petitioner does not assert a newly recognized right that
8  has been made retroactive to cases on collateral review.  Likewise, there is no claim of facts
9  supporting the Section 2255 motion that could not have been discovered through due diligence,
10  therefore the fourth of the possible starting or triggering events does not apply.
11        The court, having excluded all other possible starting points, concludes the first of the
12  possible starting points for the running of the statute of limitations applies. Thus, the one-year
13  statute of limitations on Petitioner's right to file a motion for habeas review pursuant to Section
14  2255 began to run on the date that the judgment became final.  Where, as here, there was no
15  appeal, the judgment is final the day following the last day on which notice of appeal to the Ninth
16  Circuit could have been filed.  See United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir.2000)
17  ("a judgment cannot be considered final as long as a defendant may appeal either the conviction
18  or sentence").  In a criminal case, a notice of appeal must be filed within 10 court days of the
19  district court's entry of judgment.  See Fed. R. App. P. 4(b)(1)(A) and Fed. R. App. P. 26(a);
20  United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).
21        Judgment against Petitioner was entered on February 9, 2006.  Therefore Petitioner's
22  judgment became final at the latest on February 19, 2006, and the one-year statute of limitations
23  imposed by Section 2255 began to run on that date absent some fact justifying a different starting
24  date.  Thus, Petitioner's Section 2255 motion was due on February 19, 2007.  Petitioner,
25  however, did not file his Section 2241 petition until March 12, 2008, one year and one month
26  after the one-year statute of limitations had run.  Petitioner's Section 2255 motion is therefore
27
28                                         3

time-barred.

THEREFORE, pursuant to the foregoing discussion:

(1) Petitioner's Section 2255 motion is hereby DENIED as untimely and Petitioner is ORDERED TO SHOW CAUSE why his Section 2255 motion should not be dismissed as barred under the one-year statute of limitations period discussed above;

(2) Petitioner may submit a response to this order to show cause within thirty days of service of this order.  If Petitioner does not respond to this order to show cause the court will deem his request for relief abandoned, and will order his motion dismissed and direct the Clerk of the Court to close this case.  Petitioner's response, if any, to this order to show cause shall be entitled "Response to Order to Show Cause," and shall be filed and served in compliance with the Local Rules and the Federal Rules of Civil Procedure.  Petitioner shall serve a copy of his response to this order to show cause, if any, upon the attorney for the government.  In his response, if any, to the order to show cause, Petitioner shall set forth <u>specific facts</u> regarding any claim he may make that any of the alternative starting points for the commencement of the limitations period should apply to the present case; and

(3) Within fifteen days after Petitioner has filed and served his response, if any, to this order to show cause, the government may file and serve an opposition or other reply.

IT IS SO ORDERED.

**Dated:    September 10, 2009**            /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE

4